TATE, Justice
(dissenting).
I respectfully dissent.
The defendant is charged with murder by shooting.
The state introduced into evidence a .22 caliber rifle. It fully proved the connection of the rifle with the accused, from whose premises the rifle had been taken.
Nevertheless, later in the trial, the state conceded that the rifle had no connection with the murder. The presentation of this irrelevant evidence to the jury could not help but prejudice the defendant.
As Chief Justice O’Niell reiterated in the lead case of State v. Foret, 196 La. 675, 200 So. 1, 3 (1941), in explaining why prejudicial error occurs under present circumstances : “ * * * there is a general mental tendency, when a corporal object is produced as proving something, to assume, on sight of the object, all else that is implied in the case about it. .
“This tendency, illogical though it be, is deeply rooted in all persons, even the most intelligent and reflective; it has been already specially noticed with reference to the propriety of using autoptic proference (or real evidence) as a source of proof. * *
For these reasons, I respectfully dissent.